# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC X. RAMBERT, | ) | |
| | ) | Civil Action No. 14 – 1521 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | District Judge Nora Barry Fischer |
| | ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| DAVID S. OWENS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 1) be denied in accordance with 28 U.S.C. § 1915(g) and that this action be dismissed without prejudice to Plaintiff's right to reopen it by paying the full $400.00 filing fee.[1]

### II. REPORT

Plaintiff, Eric X. Rambert, is an inmate currently incarcerated at the State Correctional Institution ("SCI") at Coal Township. He has sought leave to proceed *in forma pauperis* ("IFP") in order to file a civil rights complaint against numerous employees at SCI-Pittsburgh; five Allegheny County police officers, two Allegheny County Court of Common Pleas Judges, two Assistant District Attorneys, and two private attorneys. His claims against these defendants stem

---

[1] On May 1, 2013, the cost of filing a new civil case in federal court increased to $400.00. This increase includes a $50.00 administrative fee in addition to the current $350.00 filing fee. However, the $50.00 administrative fee does not apply to persons granted *in forma pauperis* status under 28 U.S.C. § 1915. If *in forma pauperis* status is denied, the plaintiff will be required to pay $400. Thus, Plaintiff will be required to pay the full $400.00 if he wishes to proceed with this matter.

1

from what appears to be a fire/arson that occurred at SCI-Pittsburgh on January 26, 1987, for which Plaintiff appears to have been convicted of riot and criminal conspiracy. For the following reasons, Plaintiff's motion for leave to proceed IFP should be denied.

It is a plaintiff's burden to prove entitlement to IFP status. *See* White v. Gregory, 87 F.3d 429, 430 (10th Cir. 1996); In re Lassina, 261 B.R. 614, 618 (E.D. Pa. 2001) ("The applicant bears the burden of proving her entitlement to IFP relief by a preponderance of the evidence.").

The Court takes judicial notice of court records and dockets of the Federal Courts located in Pennsylvania as well as those of the Court of Appeals for the Third Circuit. *See* DiNicola v. DiPaolo, 945 F. Supp. 848, 854 n.2 (W.D. Pa. 1996) (court is entitled to take judicial notice of public records). The computerized dockets of those courts reveal that Plaintiff has accumulated at least "three strikes" within the contemplation of 28 U.S.C. § 1915(g),[2] which provides in relevant part that

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff is a "prisoner" within the meaning of 28 U.S.C. § 1915(g).

The three strikes that Plaintiff has accumulated are the following. The first strike is Rambert v. Barrett, No. 2:95-cv-71-BPM-FXC (W.D. Pa.), which was dismissed as legally frivolous on February 21, 1995. The second strike is Rambert v. Horn, et al., No. 2:97-cv-337-DJL-FXC (W.D. Pa.), which was dismissed for failure to state a claim on December 5, 1997.

---

[2] *See* Abdul-Akbar v. McKelvie, 239 F.3d 307, 310 (3d Cir. 2001) (noting that 28 U.S.C. § 1915(g) is "popularly known as the 'three strikes' rule"), *cert. denied*, 533 U.S. 953 (2001).

The third strike is <u>Rambert v. Lavan, et al.</u>, No. 4:03-cv-370-MM-DB (M.D. Pa.),[3] which was dismissed for failure to state a claim on November 6, 2003.  Furthermore, the fact that at least one of these strikes occurred before the enactment of the PLRA is no bar to counting it as a strike.  *See* <u>Keener v. Pennsylvania Bd. Of Probation and Parole</u>, 128 F.3d 143, 144 (3d Cir. 1997) (joining those circuits in holding that dismissals for frivolousness prior to the passage of the PLRA on April 26, 1996, count as "strikes" under § 1915(g)).  Accordingly, because Plaintiff had at least three strikes, he may not proceed IFP unless he is "under imminent danger of serious physical injury" as revealed by the complaint as of the time of filing the application for leave to proceed IFP and/or the complaint.  *See* <u>Abdul-Abkar v. McKelvie</u>, 239 F.3d 307 (3d Cir. 2001); <u>Banos v. O'Guin</u>, 144 F.3d 883, 884 (5th Cir. 1998) ("The plain language of the statute [i.e., Section 1915(g)] leads us to conclude that a prisoner with three strikes is entitled to proceed with his action or appeal only if he is in imminent danger at the time that he seeks to file his suit in district court or seeks to proceed with his appeal or files a motion to proceed IFP.").

Viewing Plaintiff's allegations most generously, the Court has no hesitancy in concluding that Plaintiff has not met the threshold of showing "an **imminent** danger of serious physical injury" at the time of his filing the Complaint which the Court takes to be November 5, 2014, the date he signed his Complaint.  (emphasis added).  *See*, *e.g.*, <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d at 313, ("Someone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'").

---

[3] Affirmed on appeal in an unprecedential opinion dated July 23, 2004.  *See* <u>Rambert v. Lavan, et al.</u>, No. 03-4577 (3d Cir.)

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 1) be denied in accordance with 28 U.S.C. § 1915(g) and that this action be dismissed without prejudice to Plaintiff's right to reopen it by paying the full $400.00 filing fee.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: November 17, 2014

_____
Lisa Pupo Lenihan
United States Magistrate Judge

cc: Eric X. Rambert
AM9223
SCI Coal Township
1 Kelley Dr.
Coal Township, PA 17866