# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC X. RAMBERT, | ) | |
| | ) | Civil Action No. 14 – 1521 |
| Plaintiff, | ) | |
| | ) | District Judge Nora Barry Fischer |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| DAVID OWENS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Eric X. Rambert ("Plaintiff") initiated this action on November 6, 2014, by submitting for filing a Motion for Leave to Proceed *in forma pauperis* ("IFP"), accompanied by a civil rights Complaint filed pursuant to 42 U.S.C. § 1983. The IFP Motion was referred to United States Magistrate Judge Lisa Pupo Lenihan in accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1), and Rules 72.C and 72.D of the Local Rules of Court.

Upon consideration of Plaintiff's Motion for IFP, the Magistrate Judge issued a Report and Recommendation on November 17, 2014, recommending that the Motion be denied in accordance with 28 U.S.C. § 1915(g). In other words, because Plaintiff had accumulated "three strikes" within the contemplation of that statute, he cannot proceed IFP unless he is "under imminent danger of serious physical injury," which the Magistrate Judge found he had not sufficiently alleged in his Complaint.

Service of the Magistrate Judge's Report and Recommendation was made on Plaintiff, and he was informed that, in accordance with the Magistrate Judge's Act, 28 U.S.C. §

1

636(b)(1)(B) and (C), and Local Rule of Court 72.D.2, he had until December 4, 2014 to file written objections. Plaintiff's Objections are dated November 23, 2014.

Plaintiff first objects by stating that he "never filed a lawsuit against Robert M. Barrett" in 1995; which, according to the Magistrate Judge's Report, was the first "strike" that Plaintiff accumulated because Plaintiff's complaint in that matter was dismissed as legally frivolous. Instead, Plaintiff contends that what he filed was a criminal complaint against Attorney Barrett, who appears to have represented Plaintiff in his state court criminal proceedings. The Court, however, takes judicial notice of the computerized docket for Rambert v. Barrett, No. 2:95-cv-71-BPM-FXC (W.D. Pa.), which indicates that Plaintiff filed a complaint against Attorney Robert M. Barrett on January 17, 1995, while he was a prisoner incarcerated at SCI-Frackville.[1] The docket reveals that the case was coded as a Prisoner Civil Rights action. Plaintiff was granted leave to proceed IFP, and on January 27, 1995, Magistrate Judge Francis X. Caiazza filed a Report and Recommendation, recommending that the complaint be dismissed a legally frivolous. Plaintiff filed objections, but the Report and Recommendation was adopted as the Opinion of the Court, and the docket indicates that the case was dismissed as legally frivolous on February 21, 1995.

While Plaintiff maintains that what he filed was a criminal complaint, the docket is clear that such action was treated as civil in nature and that Plaintiff was on notice that his complaint was being treated as such by virtue of the Report and Recommendation filed by the Magistrate Judge. He was given an opportunity to, and did file objections to the Report and

---

[1] The Court intended to retrieve the case file to ascertain the validity of Plaintiff's objection but was informed by the Clerk's Office that it had been destroyed pursuant to the retention policy of the Administrative Office of the Court that was in place at the time the record was destroyed. Specifically, this file only had a retention date of 15 years after the close of the case. *See* Records Disposition Schedule 2, United States District Court Case File Records. Thus, the file was destroyed in 2010.

Recommendation, but the Court ultimately determined that Plaintiff's complaint was frivolous. The docket does not indicate that the case was treated as anything other than a civil case. In fact, the docket reveals that Plaintiff requested $50,000 in the form of relief. Moreover, even if Plaintiff intended his filing to be a criminal complaint, private citizens have no right to have a criminal complaint filed or to institute criminal prosecutions in federal courts. *See* United States v. Armstrong, 517 U.S. 456, 464 (1996) (explaining that, generally, the decision to federally prosecute "rests entirely" in the broad discretion of the Attorney General and the United States Attorneys). *See also* United States v. Panza, 381 F. Supp. 1133, 1138 (W.D. Pa. 1974) (no "residual power in private citizens to take law enforcement into their own hands when the United States Attorney does not prosecute, for any, or for no reason") (citing cases). Therefore, this objection is overruled.

Plaintiff next objects by stating that the case that the Magistrate Judge determined was his second "strike", Rambert v. Horn, *et al*., No. 2:97-cv-337-DJL-FXC (W.D. Pa.), was not dismissed for failure to state a claim, as stated by the Magistrate Judge in her Report. Instead, Plaintiff maintains that the case proceeded to the summary judgment stage. Plaintiff, however, is mistaken. Once again, the Court takes judicial notice of the computerized docket for that case, which indicates that Plaintiff's complaint was dismissed by Order dated December 5, 1997, granting the Defendants' motion to dismiss. Because Plaintiff was a prisoner proceeding IFP in that action, and his complaint was ultimately dismissed for failure to state a claim, the Magistrate Judge did not err in determining that this was a "strike" under the Prison Litigation Reform Act, which was enacted on April 26, 1996, prior to the filing of his complaint in that matter. Therefore, this objection too is overruled.

Plaintiff's remaining objections are frivolous and do not warrant discussion.

Lastly, because he has accumulated three strikes Plaintiff may not proceed IFP unless he is "under imminent danger of serious physical injury," as revealed by the complaint at the time of filing. The Court agrees that Plaintiff's Complaint does not reveal that he is in imminent danger. Therefore, after reviewing the pleadings and documents in this case, together with the Report and Recommendation, and the Objections thereto, the following Order is entered:

**AND NOW**, this 4th day of December, 2014,

**IT IS HEREBY ORDERED** that the Report and Recommendation (ECF No. 2) of Magistrate Judge Lenihan, dated November 17, 2014, is adopted as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 1) is **DENIED** in accordance with 28 U.S.C. § 1915(g). Plaintiff must pay the full $400.00 filing fee if he wishes to proceed with this action.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if any party wishes to appeal from this Order a notice of appeal, as provided in Fed. R. App. P. 3, must be filed with the Clerk of Court, United States District Court, at 700 Grant Street, Room 3110, Pittsburgh, PA 15219, within thirty (30) days.

s/Nora Barry Fischer
Nora Barry Fischer
United States District Judge

cc: Eric X. Rambert
AM9223
SCI Coal Township
1 Kelley Dr.
Coal Township, PA 17866